NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC., | Civil Action No.: 13-cv-224 |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| FINANCIAL TAX CENTRES, INC., ET AL, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff's motion for default judgment against Defendant Financial Tax Centres. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion.

## I.  BACKGROUND

Defendant Financial has not answered or otherwise responded to the Complaint. Because of this, the Clerk entered a default as to Financial on August 26, 2013. The following facts, taken from the complaint, are deemed admitted by Financial due to its default. DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990)). Plaintiff entered into three Franchise Agreements with Financial for the operation of income tax preparation businesses in Iowa. (Compl. ¶¶ 8, 17, 23, 30). A representative agreement was provided to the Court along with the Janofsky Declaration. See ECF No. 9-3. Financial also entered into four promissory Notes and one development advance Note in favor of Plaintiff.

(Compl. ¶ 36-40). The Notes were provided to the Court along with the Janofsky Declaration. See ECF No. 9-4. Under the terms of the Notes, all unpaid balances would immediately become due to Plaintiff upon termination of the Franchise Agreements. (Compl. ¶ 41; ECF No. 9-4). Under the terms of the Franchise Agreements, Plaintiff granted the right to operate Jackson Hewitt Tax Service businesses in exchange for payment of certain fees. (Compl. ¶ 43-47; ECF No. 9-3). The Franchise Agreements state that Plaintiff may terminate the Franchise Agreements for nonpayment of these fees. (Compl. ¶ 48; ECF No. 9-3). Unpaid sums under both the Notes and the Franchise Agreements would be subject to the lower of eighteen percent interest or the highest interest allowed by law on the balance of the Notes until they were paid off in full. (Compl ¶ 47; ECF No. 9-3; ECF No. 9-4).

Financial failed to make the required payments to Plaintiff, and Plaintiff properly terminated the Franchise Agreements, with the final termination occurring on September 23, 2011. (Compl. ¶ 49; ECF Nos. 9-5 – 9-7). Plaintiff contends that Financial owes it $366,600.04 and seeks a final judgment in this amount pursuant to Fed. R. Civ. P. 55(b).

## II. DISCUSSION

### A. Plaintiff Is Entitled To Default

Rule 55 authorizes a district court to enter a default judgment against a properly served defendant who has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once the clerk enters default, plaintiff may move for a default judgment. Fed R. Civ. P. 55(b). Here, the clerk has entered default, and so the Court will address Plaintiff's motion on the merits.

In order to award a default judgment, a district court considers the following factors: (1)

whether the plaintiff would suffer prejudice if the default judgment were denied, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's own culpable conduct caused his delay. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) (Emcasco includes a fourth factor, "the effectiveness of alternative sanctions."). Because defendant has not appeared in this case, and the Court cannot determine whether it has a meritorious defense or whether there has been misconduct, the Court will focus only on whether plaintiff has presented a claim and whether plaintiff will be prejudiced absent a default judgment. SeeDays Inn Worldwide, Inc. v. Mayu & Roshan, LLC, No. 06-cv-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (holding that the default judgment inquiry is truncated when a defendant has not appeared or otherwise answered)

The Complaint clearly states a cause of action for breach of contract. In order to prove its breach of contract claims, Plaintiff must prove (1) a valid contract; (2) defendant's failure to perform; and (3) damages. Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013). As set forth previously, the uncontested facts in the Complaint demonstrate that Financial is in breach for nonpayment of fees, causing damage. Furthermore, Plaintiff is harmed by not receiving payment, and absent default Plaintiff will have no other means of vindicating their claims against Financial. Accordingly, Plaintiff will suffer prejudice without default.

### B. Damages

All that remains is the issue of damages. Upon motion, the Court clerk may enter default judgment if the damages are for a sum certain, Fed. R. Civ. P. 55(b)(1). A claim for damages is not for a sum certain unless the amount the plaintiff seeks can be calculated without resorting to extrinsic evidence. Trucking Emp. of N.J. Welfare Fund, Inc. v. Moskowitz Motor Transp., Inc.,

No. 05-cv-5605, 2007 WL 608436, *3 (D.N.J. Feb. 23, 2007) (quoting KPS, 318 F.3d at 21). Such situations include "money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." Id. If the damages are not for a sum certain, the Court must determine damages by conducting a factual inquiry through evidentiary hearings, detailed affidavits, or documentary evidence. Fed. R. Civ. P. 55(b)(2); Bds. of Trs. of Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping Inc., 06-cv-1795, 2006 WL 3308578, at *4 (D.N.J. Nov. 13, 2006) (citing KPS Assocs. Inc. v. Designs by FMC, Inc., 318 F.3d 1, 20 (1st Cir. 2001)).

The Court proceeds under Fed. R. Civ. P. 55(b)(2), since Plaintiff relies upon extrinsic evidence regarding its accounts. Having considered the damage assessment and calculations of Mr. Janofsky, the Court concludes that Plaintiff should be awarded $366,600.04. (Janofsky Decl., ¶ 26). Mr. Janofsky has submitted ample business records supporting his calculations. (ECF No. 9-9). Having also considered the assessment of reasonable costs and attorney's fees provided by Plaintiff's counsel, the Court concludes that Plaintiff should be awarded an additional $6,789.52 in costs and attorney's fees, pursuant to the agreement. (Dienelt Decl. ¶¶ 3-8).

For the foregoing reasons, default judgment shall be entered against Defendants.

Date: April 29, 2014

CLAIRE C. CECCHI
United States District Judge